UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOUGLAS NORWOOD, III; LEEANN
NORWOOD; and D.N., Minor Son of Plaintiffs
NORWOOD,

                                           **Plaintiffs,**

   vs.                                                     3:12-cv-1025
                                                                 (MAD/DEP)

MICHAEL SALVATORE, in his capacity as
TOWN OF HANCOCK CODE ENFORCEMENT
OFFICER; and TOWN OF HANCOCK,

                                           **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OFFICE OF JOHN V. JANUSAS, ESQ.**<br>184 North Main Street<br>Liberty, New York 12754<br>Attorney for Plaintiffs | **JOHN V. JANUSAS, ESQ.** |
| **MACKENZIE HUGHES LLP**<br>101 South Salina Street, Suite 600<br>PO Box 4967<br>Syracuse, New York 13221-4967<br>Attorneys for Defendants | **WILLIAM B. HUNT, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Pending before the Court is Defendants' motion *in limine*, which seeks to preclude Plaintiffs from introducing four types of evidence. *See* Dkt. No. 61. Plaintiffs oppose Defendants' motion only to the extent that it seeks to limit evidence of racial statements allegedly made by Defendant Salvatore. *See* Dkt. No. 69. Also pending before the Court is Defendants' oral motion for the Court to preclude Plaintiffs from introducing evidence as to Defendant

Salvatore's termination from the position of Code Enforcement Officer ("CEO") of the Town of Hancock ("Town").

## II. BACKGROUND

The Court assumes the parties' familiarity with the background of this case, as detailed in the Court's prior orders, and will discuss only those allegations and facts relevant to disposition of the pending motions.

Plaintiffs allege that Defendant Salvatore violated their substantive due process rights by arbitrarily denying their application for a building permit to rebuild their home following a fire despite Plaintiffs' compliance with the applicable building codes. Defendants contend that Plaintiffs' application was properly denied because Plaintiffs failed to pay the required permit application fee. As relevant here, Plaintiffs further allege that during an inspection of "prep work" performed by Plaintiffs in anticipation of rebuilding their home, Defendant Salvatore

> exclaimed "you really do not want to rebuild at this location, because ANGELO VALENTI is going to have niggers and spics moving in across the street". He continued his diatribe yelling that the "niggers and spics will be using all the units that ANGELO VALENTI was planning to install" and as a result [Plaintiffs] would not want to live there.

Dkt. No. 19 at 5. Plaintiffs initially alleged that these statements evidenced a "racist agenda and 'de facto' zoning scheme designed to exclude minorities from residing within [the] Town of Hancock." *Id.* at 3 (emphasis omitted). The Court dismissed Plaintiffs' equal protection claims alleging that Defendants acted based on racial animus in its January 17, 2014 Memorandum-Decision and Order. *See* Dkt. No. 29 at 14.[1] Plaintiffs' only remaining claim to be tried is their substantive due process cause of action. *See* Dkt. No. 52 at 23 n.12.

---

[1] The Court also found Plaintiffs' allegations insufficient to state equal protection claims under a selective enforcement or "class of one" theory. *See* Dkt. No. 29 at 14-21.

On May 28, 2015, the parties apprised the Court of a new evidentiary issue that arose as a result of the parties' pretrial discussions. During a telephone conference held with the parties on May 29, 2015, Defendants requested that the Court preclude Plaintiffs from inquiring into Defendant Salvatore's recent termination as CEO of the Town and the reasons for his termination.

### III. DISCUSSION

**A.  Alleged Racists Statements by Defendant Salvatore**

As an initial matter, the Court notes that Plaintiffs do not oppose Defendants' motion *in limine* to the extent that it seeks to preclude Plaintiffs from offering evidence (1) pertaining to an alleged racist agenda or de facto zoning scheme designed to exclude minorities; (2) regarding the alleged disparate treatment of Plaintiffs as compared to other applicants for building or zoning permits in the Town; and (3) that Defendants forced Plaintiffs to do unnecessary prep work prior to the issuance of a building permit. *See* Dkt. No. 69 at 1-2.

Regarding the racists statements allegedly made by Defendant Salvatore, Defendants argue that the statements should be excluded as irrelevant to Plaintiffs' substantive due process claims under Rule 401 of the Federal Rules of Evidence or alternatively excluded under Rule 403 of the Federal Rules of Evidence. Rule 401 provides that evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Pursuant to Rule 403, the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiffs contend that Defendant Salvatore's alleged statements are relevant because they "allow[] the jury to evaluate the state of mind of Defendant Salvatore" as to the Plaintiffs' building

3

permit application. *See* Dkt. No. 69-1 at 1-2. The Court agrees that the alleged statements are relevant to Defendant Salvatore's state of mind, which is of consequence in determining Plaintiffs' substantive due process claim, as Plaintiffs are required to prove that Defendants' denial of their permit application was so arbitrary or irrational as to constitute a gross abuse of governmental authority. *See Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999). Thus, Defendant Salvatore's reason for denying Plaintiffs' permit application is crucial to Plaintiffs' claim. As such, the Court finds that the alleged statements are relevant as defined by Fed. R. Evid. 401.

The statements are therefore admissible under Rule 403 unless their probative value is substantially outweighed by a danger of unfair prejudice or confusion of the issues. To alleviate any potential confusion of the issues, the Court will issue a limiting instruction to the jury that the statements are not offered to prove racial discrimination against the Plaintiffs or that Plaintiffs' due process rights were violated on the basis of race. As to danger of unfair prejudice, the Court recognizes that the admission of racist statements allegedly made by a defendant undoubtedly has the potential to cause prejudice to the defendant. In order to limit the danger of unfair prejudice, the Court will preclude Plaintiffs from using the racial slurs alleged to have been used by Defendant Salvatore in their questioning of Defendant Salvatore. The Court will permit Plaintiffs to question Defendant Salvatore generally about his alleged statements, whether he used racial slurs in describing the future racial composition of Plaintiffs' neighborhood, and whether he suggested that Plaintiffs may not want to rebuild their home because of the racial composition of the neighborhood. The Court finds that the probative value of the alleged statements outweighs any danger of unfair prejudice that could result from such limited questioning.

**B.    Defendant Salvatore's Termination as CEO**

Defendants also argue that Defendant Salvatore's recent termination from his position as

4

Town CEO is irrelevant to Plaintiffs' claims, which center on conduct that occurred in 2009. Plaintiffs argue that Defendant Salvatore's firing for allegedly permitting a property owner to illegally burn debris is relevant to their claim because it demonstrates a pattern of conduct suggesting an implicit Town custom or practice of permitting Defendant Salvatore unbridled discretion or failure on the part of the Town to adequately train, supervise, or discipline Defendant Salvatore.

As Plaintiffs' claim against Defendant Salvatore is limited to his official capacity only, Plaintiffs are required to prove that Defendant Salvatore's actions were taken pursuant to a Town policy or custom. *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). Accordingly, if Plaintiffs can establish that Defendant Salvatore's conduct that led to his firing was part of a pattern of official conduct that could arguably be viewed as a custom, policy, or practice by the Town, Defendant Salvatore's conduct and termination may be relevant and thus admissible. However, the Court cannot decide as this juncture whether the evidence at trial will support such a conclusion. The Court will therefore **RESERVE** on Defendants' request to preclude Plaintiffs from introducing evidence of Defendant Salvatore's termination and its cause until trial.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above stated reasons, the Court hereby

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 61) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Defendants' motion *in limine* is **GRANTED** as to (1) evidence of an alleged racist agenda and de facto zoning scheme designed to exclude minorities; (2) evidence of disparate treatment of Plaintiffs as compared to other applicants for building or zoning permits in the Town; and (3) evidence that Defendants forced Plaintiffs to do unnecessary preparatory work

on their property prior to the issuance of a building permit;[2] and **DENIED** as to evidence of Defendant Salvatore's alleged racist statements to the extent permitted by this Memorandum-Decision and Order; and the Court further

**ORDERS** that Defendants' oral motion *in limine* as to Defendant Salvatore's termination is **RESERVED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 29, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[2] The Court notes that this Order should not be read as precluding Plaintiffs from offering evidence that Defendant Salvatore *permitted* Plaintiffs to perform preparatory work on their property prior to the issuance of a building permit.

6